FILED
SUPERIOR COURT

2012 NOV -9 AM 9: 15

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

      Plaintiff,

    vs.

HERNO HERBERT,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF102-11

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
(Restitution)

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 13, 2012, for a restitution hearing. Assistant Attorney General Nelson J. Werner represented the People of Guam ("the People"). Assistant Alternate Public Defender John P. Morrison appeared on behalf of Herno Herbert ("Defendant"). Now, taking all evidence and arguments into consideration, the Court issues its findings and conclusions.

### FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. On March 1, 2011, Defendant was indicted on the following charges: (1) Criminal Mischief (As a 3rd Degree Felony) and (2) Assault (As a Misdemeanor). Indictment (Mar. 1, 2011).

2. Defendant was arraigned on March 9, 2011.

3. On April 23, 2012, Defendant entered into a plea agreement. Therein, Defendant "voluntarily, and without coercion or promises apart from [the] plea agreement, agree[d] to enter a guilty plea to the charge of **ASSAULT** (As a Misdemeanor), in violation of 9 GCA § 19.30(a)(1) and (e), filed pursuant to 9 GCA §§80.34 and 80.50 which carries a maximum sentence of one (1) year imprisonment and a maximum fine of One Thousand dollars ($1,000.00)." Plea Agreement (Apr. 23, 2012).

4. The Plea Agreement provides that "Defendant shall pay full restitution, **if any,** arising out of each charge in the Indictment, an amount to be determined by Court at a restitution hearing, pursuant to the limitations set in 9 GCA § 80.50 (e). Defendant shall pay said restitution in monthly installments to be arranged by the Adult Probation Office and shall pay it in full prior to the termination of the probationary period. However, in the event restitution is not paid by the expiration of probation, the obligation for restitution shall survive[.]" *Id* at ¶ C.

5. The People filed a Submission of Restitution Summary on February 7, 2012. The total restitution requested by the victim amounts to $3,703.00.

6. The Defendant did not submit a written opposition, but did express some concerns with the vehicle damage estimate at the restitution hearing.

7. The Court held a restitution hearing on August 13, 2012.

## CONCLUSIONS OF LAW:

Restitution is authorized pursuant to 9 GCA § 80.50 and 9 GCA § 80.53. A defendant may be ordered to pay restitution for property shown to be lost so long as the restitution does not exceed the victim's loss resulting from the offense. Id. Imposing restitution is based upon the principle that the offender should make reparations to the victim by restoring the victim to

his economic status quo before the offender's wrongdoing. In re Andrew C., 215 Ariz. 366, 367, ¶ 10, 160 P.3d 687, 689 (App.2007). The guiding principle is to make the victim whole to the extent permitted by the statutory and constitutional scheme. Id. at ¶ 11. Additionally, restitution in this case is necessary because it would act as a deterrent and a correcting influence on the defendant. See 9 G.C.A. §80.52 (b)(2). Thus, the Defendant through his Plea Agreement, voluntarily agreed that he would pay restitution. Plea Agreement at ¶ C.

The conviction here is of a misdemeanor which would ordinarily limit the order of restitution to $1,000.00 set by 9 GCA §80.50 (c). However, restitution awards in excess of $1,000.00 are allowed under § 80.50 (e) but are limited up to double the amount equal to the loss to the victim. *People v. Mallo*, 2008 Guam 23 ¶ 41. Section 80.50(e) allows for a higher amount when there is a finding of loss to the victim that is higher than that. *Id.* at ¶ 43.

In the instant case, damage estimate to the victim's 1998 Dodge Dakota was pegged at $2,400 plus $40.00 charge for price quotation. This amount accounts for parts and labor from an estimate conducted by George & Sons Repair Shop. The victim also submitted costs for proposed dental plan work amounting to $1,209.00 and $54.00 for the requisite exam and xray.

Defendant has no objection to the costs provided by the People relative to dental work for the victim. However, Defendant objects to the repair estimate for the 1998 Dodge Dakota. Defendant contends that the $2,400 figure exceeds the Blubook value of $2,300 for the same vehicle in fair condition. Transcript JDAASCRA (Aug. 13, 2012) at 11:27:44 a.m.

In the Court's review of this matter, the Court recognizes that the value for a used 1998 Dodge Dakota in fair condition is estimated at $2,300, as of February 2012, the time of the restitution filing by the People on behalf of the victim. Based on this figure and notwithstanding the one estimate amount of $2,400.00, the Court determines that the victim is

entitled to $2,300.00 for the damaged 1998 Dodge Dakota. In addition, the victim is also entitled to $40.00 for the costs associated with an estimate for the damaged vehicle. With respect to dental work as a result of Defendant's offense, the victim is entitled $1,2630.00 to account for the proposed dental plan and associated exam and xray costs.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant to pay restitution in the amount of Three Thousand Six Hundred Three Dollars ($3,603.00).

**SO ORDERED** this ____9____ day of <u>November</u>, 2012.

_____

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 0 9 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG. Pros App

Date: 11-9-12 Time: 11 AM
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam